**Marilyn SCOTT and John Scott, Plaintiffs-Appellants,**

v.

**Don BREELAND and the Oak Ridge Boys, Inc., Defendants-Appellees.**

No. 84–6373.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1986.

Decided June 24, 1986.

Michaeline Abate Ré, Los Angeles, Cal., for plaintiffs-appellants.

Michael A. Byrne, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, TANG, and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiffs Marilyn and John Scott appeal the district court's dismissal of their action against Don Breeland and The Oak Ridge Boys, Inc. The district court held that the Scotts had failed to show, by pleading, declaration, or affidavit, that the defendants' contacts with the state of California were sufficient to support the exercise of personal jurisdiction. We affirm.

Plaintiff Marilyn Scott, a California resident, was employed as a flight attendant for Pacific Southwest Airlines. On February 10, 1983, she was assigned to a flight traveling from Los Angeles to Reno, San Francisco, and then back to Los Angeles. Defendant Don Breeland and other members of The Oak Ridge Boys musical group boarded the plane in Reno. While the plane was still on the ground in Reno, Breeland allegedly assaulted Marilyn Scott. Breeland was removed from the plane, and the plane continued on its scheduled flight to California.

Marilyn Scott and her husband John Scott filed this action in the Central District of California against Breeland, a Tennessee citizen, and The Oak Ridge Boys,

Inc., a Tennessee corporation, on the basis of diversity jurisdiction. The defendants moved to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the District of Nevada or the District of Tennessee. The defendants submitted two affidavits with their motion, and later filed a third, supplemental affidavit. The Scotts filed opposition to the motion supported by a declaration. After argument, the district court dismissed the case. The Scotts timely appealed.

## ANALYSIS

■ The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates,* 557 F.2d 1280, 1285 (9th Cir.1977); *see also Cubbage v. Merchent,* 744 F.2d 665, 667 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir.1977).

■ In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir.1986). Cal.Civ.Pro. Code § 410.10 provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Because the California Constitution imposes no greater restriction than does the United States Constitution, *see Data Disc,* 557 F.2d at 1286 n. 3, federal courts in California may exercise jurisdiction to the fullest extent permitted by due process. *Id.; see also Haisten,* 784 F.2d at 1396.

■ "If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." *Data Disc,* 557 F.2d at 1287. This is commonly referred to as "general jurisdiction." *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 9, 104 S.Ct. 1868, 1872 & n. 9 (1984). If the defendant lacks sufficient ties to support general jurisdiction, a court may still exercise personal jurisdiction over the defendant if the cause of action arises out of or is related to the defendant's forum activities. To comport with due process, such "specific jurisdiction," *see id.* at 414 & n. 8, 104 S.Ct. at 1868 & n. 8, must meet the following three-part test:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Data Disc,* 557 F.2d at 1287. Recent Supreme Court decisions have resulted in some slight modifications of this test not pertinent here. *See Haisten,* 784 F.2d at 1397.

The only allegation in the Scotts' complaint that links defendants with the state of California is the statement that Breeland boarded a flight in Reno for the purpose of flying to San Francisco. The Scotts' attorney also filed a declaration in which she stated: "I have personally gone into multiple record stores in the County of Los Angeles.... Each of these stores carries record albums and tape recordings of music put out by the Defendants, DON BREELAND and the OAK RIDGE BOYS, INC.... I have personally observed the sale of these records during the month of June, 1984."

In support of their motion to dismiss, the defendants submitted affidavits of Bree-

land and of Wayne Halper, The Oak Ridge Boys' business manager. Both Breeland and Halper stated that The Oak Ridge Boys do not regularly or systematically conduct business in California, but give only "an occasional musical performance" in the state. According to the affidavits, The Oak Ridge Boys were not engaging in any musical performances in California on February 10, 1983. Some members of the musical group changed flights in San Francisco for destinations outside California, but that was their only contact with California that day.

The only connections between the defendants and California either alleged by the Scotts or admitted by the defendants are that (1) Breeland boarded the flight in Reno on February 10, 1983 intending to fly to San Francisco and then on to Tennessee, (2) some members of The Oak Ridge Boys changed planes in San Francisco that day, (3) The Oak Ridge Boys give an occasional musical performance in California, and (4) The Oak Ridge Boys' records and tapes are sold in the Los Angeles area.[1]

■ Sufficient contacts do not exist to support the court's exercise of general jurisdiction over either Breeland or The Oak Ridge Boys, Inc. Breeland's boarding the flight, the plane change in San Francisco by some members of the group, and the "occasional musical performance" by Breeland and the group have not been shown to be either "substantial" or "continuous and systematic" activities. Although distributing records to California retailers is more "systematic," it is insufficient to confer general jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779, 104 S.Ct. 1473, 1480, 79 L.Ed.2d 790 (1984) (circulation of magazines in New Hampshire would not support jurisdiction over cause of action unrelated to the magazines). The district court therefore could not exercise general jurisdiction over the defendants.

■ Our next inquiry is whether plaintiff has satisfied the *Data Disc* three-part test for specific jurisdiction over the defendants. The Scotts' claims against Breeland and The Oak Ridge Boys have not been shown to arise out of or relate to either the "occasional musical performance" in California or the sales of records and tapes in California. These California activities cannot, therefore, support the exercise of specific jurisdiction.

■ As for Breeland's boarding the plane in Reno intending to travel to San Francisco and then on to Tennessee, Breeland did not in fact remain on that plane. He neither performed an act nor consummated a transaction whereby he can be said to have "purposefully avail[ed] himself of the privilege of conducting activities in [California], thereby invoking the benefits and protections of its laws."

■ The fact that some members of The Oak Ridge Boys did change planes in San Francisco that day is also insufficient to support specific jurisdiction over The Oak Ridge Boys, Inc. When some employees of a corporation change planes in a particular state, even while traveling on business, one cannot reasonably conclude that the corporation "purposefully avail[ed] [itself] of the privilege of conducting activities" in the state. Furthermore, for specific jurisdiction to lie, the Scotts' cause of action must arise out of or result from the defendants' California activities. The Scotts' claims against The Oak Ridge Boys, Inc., alleging negligence in employing Breeland and ratification of Breeland's acts, do not "arise[ ] out of or result[ ] from" the plane-changing

---

1. In their opening brief, the Scotts state:
   The Oak Ridge Boys, Inc. . . . admits that members of their group have made twenty trips per year for the past seven years to the State of California, that they deliver and obtain goods in the State of California, have an independent contract relationship with local brokers, and possess a California Public Utilities Commission license.

However, these are the facts not of the case at bar but rather of *Cornelison v. Chaney,* 16 Cal.3d 143, 146–47, 545 P.2d 264, 266, 127 Cal. Rptr. 352, 354 (1976). At oral argument, counsel for the Scotts acknowledged that she "may have been incorrect" in asserting that defendants made these admissions.

in California by some members of the group or sale of records in California. The district court thus could not exercise specific jurisdiction over either Breeland or The Oak Ridge Boys, Inc.

Because the Scotts failed to allege facts that would support the district court's exercise of personal jurisdiction over defendants Breeland and The Oak Ridge Boys, Inc., the district court properly dismissed the case for lack of personal jurisdiction.

AFFIRMED.