Randolph M. **FIELDS,**
Plaintiff-Appellant,

v.

**SEDGWICK ASSOCIATED RISKS,**
**LTD., G. Lloyd-Roberts, et al.,**
Defendants-Appellees.

No. 85–6160.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1986.

Decided Aug. 6, 1986.

**300**

Richard B. Munks, San Diego, Cal., for plaintiff-appellant.

Douglas M. Moore, Jr., San Francisco, Cal., for defendants-appellees.

Before SCHROEDER and FLETCHER, Circuit Judges, and WILKINS,\* District Judge.

FLETCHER, Circuit Judge:

Randolph Fields appeals from an order dismissing his complaint alleging breach of contract and related claims on the ground that the district court lacked personal jurisdiction over the defendants Sedgwick Associated Risks, Ltd. and G. Lloyd-Roberts. We affirm.

## BACKGROUND

Fields is an English barrister and an attorney admitted to practice in California. He is both an American citizen and a British subject, and, during the period prior to the filing of this action, lived part of the time in the United States and part of the time in Great Britain. Lloyd-Roberts is an underwriting member of Lloyd's of London who is the lead underwriter of a syndicate known as Syndicate 55. Sedgwick Associated Risks is an insurance broker incorporated in London. It is a subsidiary of Sedgwick Group.

This action concerns interpretation of two professional liability insurance policies covering Fields's law practice. Each was

procured by Sedgwick, which acted as Fields's broker, and was issued by Syndicate 55. During the period covered by the second policy, Fields presented a claim for indemnification that allegedly arose partly from his American practice. Sedgwick informed him that Lloyd-Roberts had determined that the claim was not covered under the second policy. Fields alleges that it would have been covered under the first policy, that he agreed with defendants to renew that policy, and therefore that the second policy should cover his claim.

He sued in California state court, alleging breach of contract, negligent failure to procure insurance, bad faith refusal to provide insurance benefits and violations of California insurance statutes. The defendants moved for dismissal based on inconvenient forum. Before the state court ruled on the motion, the defendants removed the case to federal court and moved for dismissal on the basis of lack of personal jurisdiction and *forum non conveniens.* The district court found that it lacked personal jurisdiction and granted the motion. Fields timely appeals.

## DISCUSSION

*I. Waiver*

■ A defendant can waive personal jurisdiction by its actions. *See* Fed.R.Civ.P. 12(h)(1). In this case, before removal, the defendants moved to dismiss the action in state court on the ground of inconvenient forum pursuant to Cal.Civ.Pro.Code. § 418.10 (West 1973). Section 418.10 allows a defendant simultaneously to file motions to quash on the ground of lack of personal jurisdiction and to dismiss for inconvenient forum. Section 418.10(a). Fields contends that the defendants' failure to raise personal jurisdiction in its state court motion waived the issue. We disagree.

The motion to dismiss constituted only a limited appearance in state court. Section

---

\* Hon. Philip C. Wilkins, Senior United States District Judge for the Eastern District of California, sitting by designation.

418.10(d). *See Berard Construction Co. v. Municipal Court*, 49 Cal.App.3d 710, 715, 122 Cal.Rptr. 825, 828 (1975) (motion to dismiss on ground of inconvenient forum "statutorily exempt from being treated as a general appearance"). Defendants timely raised the personal jurisdiction issue upon removal to federal court. Nothing in Fed.R.Civ.P. 12(h) indicates that a limited state court appearance should be deemed a waiver of personal jurisdiction under these circumstances.

## II. Burden of Proof/Standard of Review

■ The plaintiff bears the burden of establishing that the court has personal jurisdiction. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985). Where, as in this case, the trial court ruled on the issue relying on affidavits and discovery materials without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1241 (9th Cir. 1984); *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1284–85 (9th Cir.1977). Our review is *de novo. See Congoleum*, 729 F.2d at 1241. For the purposes of the appeal, we treat the plaintiff's allegations as correct. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir.1985).

## III. General Jurisdiction

"In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Because California imposes no greater restrictions than does the United States Constitution, *see id.;* Cal. Civ.Pro.Code § 410.10 (West 1973), "federal courts in California may exercise jurisdiction to the fullest extent permitted by due process." *Scott*, 792 F.2d at 927; *see Haisten v. Grass Valley Medical Reim-*

*bursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir.1986).

There are two types of personal jurisdiction: general and specific. General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Haisten*, 784 at 1396; *Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). This is a fairly high standard in practice. Texas did not have general jurisdiction over a foreign corporation which sent one of its officers to negotiate a contract, sent personnel to train there, accepted checks drawn on a Texas bank, and purchased equipment from a Texas firm. *Helicopteros*, 466 U.S. at 416, 104 S.Ct. at 1837. Doctors in an Arizona border town did not have sufficient contacts with California despite a significant number of California residents as patients, use of the state health insurance system, and listings in the telephone directory that served people on both sides of the border. *Cubbage*, 744 F.2d at 667–68. No general jurisdiction existed in Arizona over defendants who visited Arizona several times, purchased materials in the state, solicited an agreement in the state that included Arizona choice of law and forum provisions and did a great deal of communicating by phone, telex, and letter to Arizona. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330–31 (9th Cir. 1984), *cert. denied*, — U.S. —, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). A significant fact in *Gates* was that defendants had no place of business in Arizona. *Id.* at 1331. The existence of a developing sales outlet in a state was held insufficient to create general personal jurisdiction in *Congoleum*, 729 F.2d at 1243.

■ Fields claims that California has general jurisdiction over both defendants. He relies primarily on activities of Sedgwick Group and Lloyd's of London. How-

ever, a parent corporation's ties to a forum do not create personal jurisdiction over the subsidiary. *Uston v. Hilton Casinos, Inc.,* 564 F.2d 1218, 1219 (9th Cir.1977) (per curiam). Thus, Sedgwick Group's ties to California are irrelevant. By analogy, Lloyds of London's ties are also irrelevant to personal jurisdiction over its member syndicates.

■ The defendants' individual contacts with California do not rise to the level necessary to support general jurisdiction. Syndicate 55 underwrites policies of insurance and reinsurance, including professional indemnity insurance, for American risks, some originating in California. There is no indication of how much business involves California. Lloyd-Roberts is not a citizen or resident of California, and Fields alleges no connections between him and the forum aside from those of the Syndicate and those arising from the contract in dispute. Sedgwick Associated Risks has no offices, employees or state insurance license in California. The only contact alleged is that derived from the contract at issue. These contacts are neither "substantial" nor "continuous and systematic." *See Paccar International Inc. v. Commercial Bank of Kuwait,* 757 F.2d 1058, 1063 (9th Cir.1985) (mere existence of a contract insufficient to confer personal jurisdiction).

## IV. Specific Jurisdiction

■ We have established a three-part test to determine whether specific personal jurisdiction comports with due process: (1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Scott,* 792 F.2d at 927; *Haisten,* 784 F.2d at 1397. Because we find that the defendants have presented "a compelling case that jurisdiction would be unreasonable," we need not address the first two prongs of the test. *See Haisten,* 784 F.2d at 1397.

To determine reasonableness, we examine seven factors: the existence of an alternate forum, the burden on the defendant to defend the suit in the chosen forum, the most efficient judicial resolution of the controversy, the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, the extent of defendant's purposeful interjection into the chosen forum, the extent of conflict with the sovereignty of the defendant's state, and the forum state's interest in the dispute. *Pacific Atlantic,* 758 F.2d at 1329–31; *Cubbage,* 744 F.2d at 670.

Fields concedes that the English courts provide an alternate forum. The factors that deal with convenience and efficiency all strongly favor adjudicating the dispute in England. The site where the events in question took place and most of the evidence is located is usually the most efficient forum. *Pacific Atlantic,* 758 F.2d at 1331. This is a British contract and the witnesses and papers are in England. Interpretation of the contract provisions will be based, at least in part, on English law and practice. Fields has shown little added convenience to himself if he litigates in California, and the burden on the defendants to conduct a trans-Atlantic defense would appear to be significant, despite modern communications and transportation. *See Pacific Atlantic,* 758 F.2d at 1330; *Paccar,* 757 F.2d at 1065; *Gates,* 743 F.2d at 1333.

The factors that revolve around the nature of the dispute also favor adjudication in England. The "purposeful interjection" in this case, the alleged decision to insure a California practice, is certainly of a nature that would support jurisdiction over the defendant in California. *See McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *Haisten,* 784 F.2d at 1401. "California has a strong interest in providing an effective means of redress for its residents when their insurers refuse to pay claims." *Haisten,* 784 F.2d at 1401; *accord McGee,* 355 U.S. at 223, 78 S.Ct. at 201; *see Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). However, California's interest in providing re-

dress for its resident is considerably lessened because Fields is also a British subject. *See Pacific Atlantic*, 758 F.2d at 1330 (forum's interest in dispute between non-forum parties relatively weak); *Paccar*, 757 F.2d at 1065 (same). This is not a case in which the insured will be "at a severe disadvantage if [he] were forced to follow the insurance company to a distant state in order to hold it legally accountable." *McGee*, 355 U.S. at 223, 78 S.Ct. at 201. Rather, if Fields is "forced" to return to England, he will be on familiar turf. At the time of the events giving rise to this lawsuit, Fields spent approximately half his time in Great Britain and maintained two offices there. We must presume that an English barrister is capable of adequately defending his own interests in the courts of England.

Adjudication of the dispute in a California court would interfere with the capacity of English courts to resolve disputes involving English parties, and thus interfere with British sovereignty. *See Paccar*, 757 F.2d at 1065. California's interest is significantly less than that of England, which would be concerned in this case not only with providing redress for its insured subjects, but with interpretation of its own laws and customs, and with protecting its insurers. England surely has a strong interest in resolving a claim by a British subject against English defendants arising from an English insurance policy. We find that adjudicating this dispute in California rather than England would be unreasonable.[1]

AFFIRMED.

---

**1.** Because we find that Fields raised legitimate issues on appeal, we deny appellees' request for sanctions. *See Unt v. Aerospace Corp.,* 765 F.2d 1440, 1449 (9th Cir.1985).