952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hyman GROSS, Plaintiff-Appellant,
v.
Melvyn John HATCHER, Defendant-Appellee.
 No. 90-56203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1991.*
Decided Dec. 17, 1991.
 
 Before JAMES R. BROWNING, FERGUSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We consider three factors to determine whether specific jurisdiction may be exercised: (1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) the plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir.1991).
 
 
 3
 Plaintiff presented a prima facie case that defendant, Melvyn John Hatcher, purposefully availed himself of the privilege of conducting activities in California, and that the claims in the complaint, at least in part, arise out of these forum-related activities. The burden therefore shifts to Hatcher to present a "compelling case" that the exercise of personal jurisdiction would be unreasonable. Roth, 942 F.2d at 625.
 
 
 4
 We weigh seven factors to determine whether the exercise of jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. See Roth, 942 F.2d at 623; Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1198-99 (9th Cir.1988).
 
 
 5
 Two of these factors weigh in favor of the reasonableness of exercising jurisdiction: that Hatcher purposefully conducted activities in California, and that plaintiff may find it somewhat more convenient and effective to litigate in California. However, it would not necessarily be inconvenient for plaintiff to litigate in England, where he maintains a residence, is a fellow at a college, formed the partnership and has been represented by solicitors. There is no showing that plaintiff could not obtain effective relief there.
 
 
 6
 The remaining five factors weigh strongly against the reasonableness of exercising jurisdiction. It would be burdensome for Hatcher, a resident of England and a reader at a college in England to defend a lawsuit in California. That defendant is a resident of England, a foreign nation, and the partnership was formed in England, cuts against exercising jurisdiction, although it is not dispositive. Roth, 942 F.2d at 623-24. California has little interest in adjudicating this dispute as no California residents are parties. See Fields v. Sedwick Associated Risks, Ltd., 796 F.2d 299, 303 (9th Cir.1986). Further, it is likely English law will govern construction of the Tender Agreement, since it contains a choice of law clause selecting English law.
 
 
 7
 England offers an efficient forum for resolving this dispute, and the English courts will be able to give effective relief for what is essentially an alleged breach of duty and fraud upon a partnership formed in England, and the alleged breach of the Tender Agreement. The English courts have the power to determine rights to the former partnership property. Plaintiff has the burden of showing England is not available as an alternative forum, Roth, 942 F.2d at 624, and has not met this burden.
 
 
 8
 A weighing of the seven factors presents a compelling case that the exercise of personal jurisdiction over Hatcher, a nonresident defendant, would not be reasonable.
 
 
 9
 We AFFIRM the decision of the district court to dismiss this case for lack of personal jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3