42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David L. BRYANT, Plaintiff-Appellant,
v.
WEINTRAUB, GENSHLEA, HARDY, ERICH & BROWN; Geoffrey
Burroughs; Kenneth M. Malovos; Weintraub,
Genshlea & Sproul, Defendants-Appellees.
 No. 94-35313.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Bryant appeals the district court's dismissal for lack of jurisdiction of his malpractice action brought against two California attorneys, a California law firm and its successor ("defendants"). Bryant contends that the district court erred by (1) determining that it lacked personal jurisdiction over the defendants under Or.R.Civ.P. 4D(1), (2) failing to consider Or.R.Civ.P. 4L as a basis for personal jurisdiction, and (3) ruling on defendants' motion to dismiss without an evidentiary hearing.
 
 
 3
 * Background
 
 
 4
 Bryant, an Oregon resident, employed defendants as counsel in a California lawsuit. In his complaint, Bryant alleged that he was injured as a result of the defendants' failure to properly serve in California a defendant company in the California lawsuit. In addition to representing Bryant in the California litigation, the defendant law firm became involved in a related action in Oregon, and one of the defendants made a brief court appearance there.
 
 
 5
 Defendants moved to dismiss for lack of personal jurisdiction and moved for change of venue. After hearing oral argument, the district court granted the motion to dismiss and ruled that the motion for change of venue was moot. The district court found that the injury alleged by Bryant occurred in California and arose directly from alleged malpractice in California. Accordingly, the district court held that Or.R.Civ.P. 4D(1) did not confer personal jurisdiction over the defendants.
 
 II
 Merits
 
 6
 "The plaintiff bears the burden of establishing that the court has personal jurisdiction." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir.1986). Where, as in this case, the district court ruled on the issue relying on affidavits without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. Id. We review the district court's decision de novo and, for the purposes of the appeal, treat the plaintiff's allegations as correct. Id.
 
 A. Oregon Rule of Civil Procedure 4D(1)
 
 7
 "In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986). Or.R.Civ.P. 4D(1) provides for personal jurisdiction "[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, ... [if at the time of injury] [s]olicitation or service activities were carried on within this state by or on behalf of the defendant."
 
 
 8
 The district court held that Rule 4D(1) did not confer personal jurisdiction over the defendants because Bryant's injury did not occur in Oregon, but in California. The court found that Bryant's injury occurred in California because that was where ineffective service resulted in the dismissal of the defendant company in the California action. Bryant argues, without citing any authority, that his injury actually occurred in Oregon because that is where his net worth was effected by improper service on the defendant company. To permit a plaintiff to bring suit in his own state solely on the basis that that is where he incurred an economic loss resulting from an out of state act, however, would ignore the requirement that there be sufficient "minimum contacts with the forum state" to comport with due process. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).
 
 
 9
 Contrary to Bryant's argument, the Oregon Supreme Court has held that the location of an injury under Rule 4D(1) is where the defendant's out of state conduct has its "immediate effect" not its "ultimate consequences." State ex rel. Circus Circus Reno, Inc. v. Pope, 854 P.2d 461, 463 (Or.1993). Here, the immediate effect of defendants' alleged improper service was the dismissal of the improperly served defendant from the California action. This was also the immediate effect of any assurances defendants gave to Bryant in Oregon that service had been properly affected. Therefore, the district court did not err by finding that Bryant's alleged injury occurred in California. See Id.
 
 B. Oregon Rule of Civil Procedure 4L
 
 10
 Bryant also contends that the district court should have relied on Or.R.Civ.P. 4L, a catchall provision, as a basis for personal jurisdiction over the defendants. This contention lacks merit.
 
 
 11
 Rule 4L permits federal courts in Oregon sitting in diversity to exercise personal jurisdiction "to the limits of due process under the Fourteenth Amendment." Id. at 463-64. Because Bryant does not address general personal jurisdiction in his opening brief, we will not consider it. See Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 312 (9th Cir.1990). Instead, we will limit our inquiry to whether Bryant sufficiently alleged specific jurisdiction.
 
 
 12
 "We have established a three-part test to determine whether specific personal jurisdiction comports with due process: (1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." Fields, 796 F.2d at 302. Because Bryant failed to meet the second prong of this test, we do not address the other two prongs.
 
 
 13
 Bryant's claim does not arise out of defendants' Oregon related activities, but out of their representation of Bryant in California litigation and alleged negligence in serving a defendant there. Just as California was the situs of the injury, California was where the claim arose. Treating as true, for the purposes of this appeal, Bryant's allegations that the defendants assured him in Oregon of proper service does not alter our conclusion. Bryant did not assert a separate claim based on those assurances, but relied on them to support his request for exemplary damages.
 
 C. Evidentiary Hearing
 
 14
 Finally, because Bryant failed to make a prima facie showing of personal jurisdiction, the district court did not err by dismissing the action without holding an evidentiary hearing. See Fields, 796 F.2d at 303.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3