44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael DJORDJEVICH, Appellant,
v.
BUNDESMINISTER FINANZEN, GERMANY, Appellee.
 No. 93-7149.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 30, 1994.
 
 Before SILBERMAN, BUCKLEY and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the judgment of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Michael Djordjevich's complaint against the Federal Republic of Germany was dismissed by the district court for lack of subject matter and personal jurisdiction. Memorandum, July 26, 1993, at 5-7. For the reasons stated below, we affirm.
 
 I. SUBJECT MATTER JURISDICTION
 
 5
 The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Secs. 1330, 1602-1611 (1988), provides the "sole basis" for obtaining subject matter jurisdiction over foreign states in United States courts. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989). It clothes foreign governments with immunity from suit in this country except in certain specifically described circumstances. See Goodman Holdings v. Rafidain Bank, 26 F.3d 1143, 1145 (D.C.Cir.1994). Mr. Djordjevich claims subject matter jurisdiction under one of the "commercial activity" exceptions enumerated in 28 U.S.C. Sec. 1605(a)(2), which provides:
 
 
 6
 (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
 
 
 7
 * * *
 
 
 8
 (2) in which the action is based ... upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;
 
 
 9
 28 U.S.C. Sec. 1605. Thus for a United States court to have jurisdiction under this exception, a plaintiff must establish three distinct elements: (1) The foreign state must have engaged in a commercial, rather than sovereign, activity; (2) the act upon which the claim is based must have occurred outside the United States; and (3) that act must have caused a direct effect in this country.
 
 
 10
 Under the FSIA, the foreign state has the ultimate burden of proving that the case at hand does not fall within the exceptions to sovereign immunity. Princz v. Federal Republic of Germany, 26 F.3d 1166, 1171 (D.C.Cir.1994). Initially, however, "the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted...." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1016 (2d Cir.1993). The reason for this is clear: A foreign state cannot be expected to prove that an exception to the rule of sovereign immunity is not applicable without a clear understanding of what it must disprove. We find that Mr. Djordjevich has failed to satisfy his initial burden of production.
 
 
 11
 In reviewing the district court's grant of Germany's motion to dismiss for lack of jurisdiction, we assume Mr. Djordjevich's factual allegations to be true. See Saudi Arabia v. Nelson, 113 S.Ct. 1471, 1474 (1993). To establish "commercial activity," Mr. Djordjevich presented to the district court a "certificate" signed by the commander of the German army's Belgrade garrison which affirmed that, in 1941, his uncle (and assignor) had withdrawn certain gold coins from his safe deposit box. While the significance of this certificate is unclear, we accept as true Mr. Djordjevich's allegation that it was an "official receipt" issued by the German officer in exchange for gold coins "in the nature of a customary business transaction." This is not enough.
 
 
 12
 The act on which Mr. Djordjevich bases his claim is the German government's refusal, in October 1990, to pay him the $2,180,000 that he alleges to be the current market value of the coins described in the certificate. He has failed, however, both in his complaint and in his brief to the district court in opposition to Germany's motion to dismiss, to describe either the nature of the commercial activity that gave rise to the German government's alleged obligation or what he considers to be the direct effect in the United States of its refusal to meet his demand.
 
 
 13
 Absent allegations that describe why Germany is legally liable to Mr. Djordjevich and how its conduct had a direct effect in the United States, Germany cannot reasonably be expected to prove section 1605(a)(2) does not apply in this case. As a result, we must conclude that he failed to establish subject matter jurisdiction under the FSIA.
 
 II. PERSONAL JURISDICTION
 
 14
 A plaintiff bears the burden of establishing the trial court's personal jurisdiction over the defendant. 5A Wright & Miller, Federal Practice and Procedure, Sec. 1351 at 248 (2d ed. 1990). When a district court rules without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to satisfy his burden. See, e.g., Fields v. Sedwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir.1986).
 
 
 15
 In its motion to dismiss, Germany argued that Djordjevich's complaint alleged no "minimum contacts" sufficient to satisfy the due process requirements of personal jurisdiction and that the complaint was improperly served. Memorandum of Points and Authorities in Support of Motion to Dismiss For Lack of Jurisdiction Over the Subject Matter and Over the Defendant and To Set Aside Default Judgment at 6-7. Mr. Djordjevich did not respond to either contention in his opposition to Germany's motion; nor did he allege facts that would constitute a prima facie showing of the court's personal jurisdiction over Germany. See Plaintiff's Points and Authorities in Support of Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction on Grounds of Sovereign Immunity. Accordingly, we find that Mr. Djordjevich failed to carry his burden of establishing personal jurisdiction. We do not reach his arguments that a minimum contacts analysis is inappropriate in FSIA cases or, alternatively, that minimum contacts sufficient to support personal jurisdiction exist between Germany and the forum, as these claims cannot be made for the first time on appeal. See, e.g., Foremost-McKesson, Inc. v. Islamic Republic of Iran, 905 F.2d 438, 453 (D.C.Cir.1990).
 
 
 16
 Mr. Djordjevich suggests that Germany waived any objection it might have had to personal jurisdiction by appearing before the district court to file its motion to dismiss. Although it is true that a defendant may waive personal jurisdiction, merely appearing in court to contest its jurisdiction does not in itself constitute a waiver. 5A Wright & Miller, Federal Practice and Procedure, Sec. 1344 at 166-67 (2d ed. 1990).
 
 III. LAW OF THE CASE
 
 17
 Mr. Djordjevich argues that Judge Gesell's initial default judgment became the law of the case and thus could not properly be vacated by Judge Green unless the judgment was "plainly wrong" or would work a "manifest injustice." This argument is misplaced. Judge Gesell never entered the default judgment against Germany. Even if he had done so, it is well established that a defendant may raise jurisdictional objections after a default judgment is entered and, if successful, is entitled to have the judgment vacated. See Practical Concepts, Inc. v. Republic of Bolivia, 811 F.2d 1543, 1546-47 (D.C.Cir.1987).