56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Noboru and Lorraine HASHIRO, individually and as Co-Special
Administrators of decedent Lloyd H. Hashiro's estate, Dennis
Hashiro, Clyde Hashiro, Gordon Hashiro, and Donna Sue
Hashiro, Plaintiffs - Appellants,
v.
GENERAL ELECTRIC COMPANY, a New York corporation, Basic
Technologies, Inc., a New York corporation, fka Basic
Hydraulics and Industrial Equipment, Limited, MIT Lincoln
Laboratory, a division of Massachusetts Institute of
Technology, Martin Zachary, Sylvania, a Connecticut
corporation, Karma Ltd., Co., Pan Am World Services, Inc.,
Defendants - Appellees.
GENERAL ELECTRIC COMPANY, a New York Corporation, Defendant
and Third-Party Plaintiff,
v.
MIT LINCOLN LABORATORY, a division of Massachusetts
Institute of Technology, Basic Technologies, INC., a New
York corporation, fka Basic Hydraulics and Industrial
Equipment, Limited, John Does 1-10, Doe Partnerships 1-10,
Doe Corporations 1-10, and Doe Governmental Entities 1-10,
Third-Party Defendants.
 No. 93-17249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided May 15, 1995.
 
 Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Noboru and Lorraine Hashiro, individually and as administrators of the estate of Lloyd Hashiro, and other members of the Hashiro family (collectively, "plaintiffs") appeal the district court's dismissal of defendant MIT Lincoln Laboratory ("MIT") for lack of personal jurisdiction. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Plaintiffs sued MIT and other defendants in the United States District Court in Hawaii for damages resulting from the death of Lloyd Hashiro, who suffered fatal injuries when he fell from a hydraulically operated platform while working at the Millimeter Wave Radar Installation on Roi Namur, Kwajalein Atoll in the Republic of the Marshall Islands. In their appeal from the district court's dismissal of MIT for lack of personal jurisdiction, plaintiffs argue alternatively that (1) the court had general personal jurisdiction over MIT, (2) even if general jurisdiction is not present, the court had specific personal jurisdiction, and (3) in any event, MIT waived its personal jurisdiction defense because it failed to raise it in a timely manner. We review the district court's determination de novo. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986).
 
 1. Waiver of Personal Jurisdiction Defense
 
 4
 As MIT notes in its brief, "[Plaintiffs] argue for the first time on appeal that MIT waived its right to object to personal jurisdiction .... There has been waiver here, but the waiver is that of Plaintiffs, who failed to raise this issue before the trial court." We agree.
 
 
 5
 This Court generally will not consider an issue raised for the first time on appeal. Bolker v. Comm'r. of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir. 1985). This general rule, however, has three exceptions. If any of these exceptions apply, the Court, in its discretion, may address the issue. None of the exceptions applies here. This is not the "exceptional case" in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial system. The waiver issue did not arise while this appeal was pending because of a change in the law. Nor is the waiver issue a purely legal one independent of the factual record or dependent on a record that has been fully developed. See id. Accordingly, we reject plaintiffs' waiver argument and address the merits of the personal jurisdiction issue.
 
 2. General Personal Jurisdiction
 
 6
 When a plaintiff alleges jurisdiction over a nonresident defendant pursuant to Hawaii's long-arm statute, H.R.S. Sec. 634-35(c) requires that the cause of action relate to the defendant's contacts in Hawaii. Shaw v. North American Title Co., 76 Hawaii 323, 876 P.2d 1291 (1994); Commercial Ins. Co. of Newark v. Pacific-Peru Const. Corp., 558 F.2d 948, 955 (9th Cir. 1977). Thus, Hawaii's long-arm statute does not authorize general personal jurisdiction over MIT.
 
 
 7
 Plaintiffs argue that general personal jurisdiction is nevertheless appropriate because MIT has been "doing business" in Hawaii, making it "present" in that forum and thereby subjecting it to general jurisdiction. General jurisdiction, however, exists only if the defendant has "substantial" or "continuous and systematic" contacts with the forum. See Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986); Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984). The Supreme Court has upheld general jurisdiction only once, see Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S. Ct. 413 (1952), and we "regularly have declined to find general jurisdiction even where the contacts were quite extensive." Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 851 n.3 (9th Cir. 1993). In this case, we agree with the district court that "MIT's contacts with the State of Hawaii are not nearly sufficient to establish general jurisdiction." Order Granting Defendant MIT's Motion to Dismiss Complaint, at 4.
 
 3. Specific Personal Jurisdiction
 
 8
 We similarly find that specific jurisdiction did not exist over MIT in this case. This Court has adopted a three-part test for determining whether specific jurisdiction exists: (1) the non-resident defendant must have purposefully availed itself of the privilege of conducting activities in the forum by some affirmative act or conduct, (2) the plaintiff's claim must arise out of the defendant's forum-related activities, and (3) exercise of jurisdiction must be reasonable. Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991).
 
 
 9
 Because we conclude that plaintiffs have not satisfied the second prong of this test, we need not address the first and third prongs. This Court has adopted a "but for" analysis for determining whether a plaintiff's claims "arise out" of a defendant's forum-related activities. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585, 111 S. Ct. 1522 (1991). Under this test, the district court in this case may not assert specific personal jurisdiction over MIT unless, but for MIT's activities in Hawaii, Lloyd Hashiro's injuries would not have occurred.
 
 
 10
 The record, however, reveals no "but for" causation between MIT's Hawaii activities and Hashiro's death. As the district court correctly found, MIT's liaison office in Hawaii had not yet been established when the platform from which Hashiro fell was shipped, via an independent carrier, from California to Hawaii and then on to the Marshall Islands in 1981. (ER 24, paragraphs 3-4) Plaintiffs nevertheless argue that MIT's liaison office in Hawaii is so integrally related to the activities in the Marshall Islands that MIT would have "difficulty" maintaining its operations in Kwajalein without the liaison office's support. Even accepting this argument as true, we are not persuaded that this relationship leads to the conclusion that Hashiro's injuries "arose out of" MIT's activities in Hawaii. We therefore conclude that specific personal jurisdiction is not present in this case.
 
 4. Attorney's Fees
 
 11
 MIT has indicated its intention to seek attorneys fees pursuant to H.R.S. Sec. 607-15.5. See 9th Cir. R. 28-2.3. We therefore remand to the district court to determine if MIT is entitled to attorneys fees and, if so, the appropriate amount.
 
 
 12
 The district court's grant of MIT's motion to dismiss for lack of personal jurisdiction is AFFIRMED and the matter is REMANDED to the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3