Tong **PARK**, Plaintiff,

v.

**OXFORD UNIVERSITY; Oriel College**, Defendants.

No. C–97–20537 RMW.

United States District Court, N.D. California.

Dec. 1, 1997.

has read the moving and responding papers. For the reason set forth below, the court denies plaintiff's motions to strike and grants defendant's motion to dismiss and dismisses the entire action with prejudice.[1]

## I. BACKGROUND

Plaintiff Tong Park brings this action against defendant Oxford University ("Oxford") and its constituent college, Oriel College, pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that he was denied his right to due process of law by defendant when Oxford expelled him on May 31, 1990. Defendant now moves to dismiss the complaint for want of personal jurisdiction.

## II. ANALYSIS

### A. Motions to Strike

Although it is unclear, it appears that plaintiff seeks to have the declarations in support of Oxford's motion stricken pursuant to Rule 12(h). Plaintiff's motion is without merit. It is well established that declarations may be substituted for affidavits. *See* 28 U.S.C. § 1746; *Jack v. Trans World Airlines,* Inc., 854 F.Supp. 654 (N.D.Cal.1994) (In lieu of an affidavit, a party may submit a declaration made under penalty of perjury.).

### B. Motion to Dismiss

California's long-arm statute allows jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc. Code § 410.10. Since California's long-arm statute is coextensive with federal due process requirements, the tests for jurisdiction merge into one analysis. *Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir.1991). Courts cannot exercise jurisdiction over nonresident defendants unless those defendants have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Tong Park, Santa Clara, CA, plaintiff in pro per.

Peter J. Engstrom, Baker & McKenzie, San Francisco, CA, for defendants.

### ORDER GRANTING DEFENDANT MOTION TO DISMISS

WHYTE, District Judge.

Defendant Oxford University's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and plaintiff's motions to strike were submitted on November 21, 1997. The court

---

1. Although defendant Oriel College has not been served, the issues pertaining to it as the same as those raised by Oxford. Accordingly, the court dismisses the entire action with prejudice.

■ A nonresident defendant has sufficient minimum contacts with California if it has enough substantial or continuous and systematic contacts to subject it to the court's general jurisdiction; if general jurisdiction does not lie the court may exercise specific jurisdiction if the cause of action arises out of the defendant's contacts with California. *Roth,* 942 F.2d at 620 (citing *Data Disc v. Systems Technology Assoc.,* 557 F.2d 1280, 1287 (9th Cir.1977)).

■ The Ninth Circuit has articulated a three-part test for specific jurisdiction: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Pacific Atlantic Trading Co. v. M/V Main Exp.,* 758 F.2d 1325, 1327 (9th Cir.1985). Finally, after application of the jurisdictional tests, plaintiff need only establish a prima facie case of personal jurisdiction. *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986).

### 1. General Jurisdiction

■ Although plaintiff's complaint is devoid of a single fact alleging the existence of any contacts between Oxford and California, he argues in his opposition that continuous and systematic contacts exist between Oxford and the forum state so as to establish general jurisdiction in the matter. Some of these contacts include the long standing academic interaction between Oxford and California, the fact that Oxford has purchased many academic journals and other academic material from California companies and vice-versa, as well as the fact that Oxford solicits money from California residents as an important form of fund-raising.[2]

The foregoing contacts fall far short of establishing general jurisdiction in this matter over Oxford. As the Ninth Circuit has

stated, "the level of contact with the forum state necessary to establish jurisdiction is quite high." *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir.1990). In *Shute,* for example, the court found that despite the fact that the defendant foreign corporation advertised its cruises in Washington newspapers, provided brochures to travel agents in Washington, held seminars in Washington for travel agents, and provided cruises to Washington residents, there was still insufficient contact with Washington to support general jurisdiction over defendant. *Id.* at 381.

In *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court found that despite the fact that the defendant foreign corporation sent one of its officers to Texas negotiate a contract, sent personnel to Texas for training, accepted checks drawn on a Texas bank, and purchased equipment from a Texas firm, Texas did not have general jurisdiction over the corporation. Similarly, in *Cubbage v. Merchent,* 744 F.2d 665, 667–68 (9th Cir. 1984), doctors in Arizona were held to have insufficient contacts with California despite a significant number of California residents as patients, use of the California health insurance system, and listings in the California telephone directory. Finally, in *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir.1984), no general jurisdiction existed over foreign defendants who visited Arizona several times, purchased materials in the state, solicited an agreement in the state that included Arizona choice of law and forum provisions, and did a great deal of communicating by telephone, telex, and letters to Arizona.

In light of the foregoing, plaintiff's asserted contacts between Oxford and California do not rise to the level necessary to support general jurisdiction. Oxford owns no real or personal property in California, is not registered to do business in California, has no offices or employees in California, does not promote itself or advertise in California, holds no meetings in California, has no bank

---

**2.** Declarations in support of defendants' motion demonstrate that many of these alleged contacts between defendants and California are illusory.

However, because these contacts would be insufficient to confer jurisdiction even if legitimate, the court need not address this issue.

accounts in California, and has no telephone listing in California or any other contacts with California that could be construed as "substantial" or "systematic and continuous." *See* Declaration of Peter W. Jones in Support of Motion.

### 2. Specific Jurisdiction

■ Plaintiff does not address Oxford's argument that the requirements for specific jurisdiction cannot be established in this matter. This is probably so because, given the fact that plaintiff's claim arises out of his expulsion from Oxford, it appears that there would be no way for plaintiff to establish that his claim arises out of Oxford's activities in California. *See Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977).

Personal jurisdiction over Oxford is therefore lacking and plaintiff's complaint is accordingly dismissed with prejudice.

### C. Section 1983 Claims

■ Even if plaintiff could establish that personal jurisdiction over Oxford was proper, he has failed to state a cognizable claim under 42 U.S.C. § 1983. To state such a claim, plaintiff must allege a violation of his rights secured by the Constitution or the laws of the United States, and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Because plaintiff cannot demonstrate that Oxford University—a private English educational institution—has acted under color of state law, his complaint fails to state a claim under 1983.

### III. ORDER

For the foregoing reasons, the court denies plaintiff's motions to strike and grants Oxford's motion to dismiss and dismisses the entire action with prejudice.[3]

---

**3.** The court normally grants leave to amend after granting an initial motion to dismiss. However, here it is clear that for a number of reasons plaintiff could not successfully amend. Therefore, no leave is granted.