**Michael RIPPEY, Plaintiff–Appellant,**

v.

**Herbert SMITH; A.J.T. Willoughby, Defendants–Appellees.**

**No. 99–17496.**
**D.C. No. CV–99–01488–CRB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided June 6, 2001.

R. 36–3.

Before SCHROEDER, Chief Judge,
D.W. NELSON and RAWLINSON,
Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Michael Rippey appeals the district court's dismissal of his action against Herbert Smith, an English firm of solicitors, and A.J.T. Willoughby, one of its former partners, for lack of personal jurisdiction. We agree with the district court that even if the defendants' allegedly fraudulent conduct constitutes purposeful availment of California jurisdiction, it would not be reasonable to exercise personal jurisdiction in the circumstances of this case.

Due process requires that in order for a defendant to be subject to personal jurisdiction in a forum, that defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations omitted).

Rippey contends that the defendants are subject to specific jurisdiction, which is "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). This court applies the following three-part test in order to determine whether a nonresident defendant has the minimum contacts needed to support specific jurisdiction:

(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's fo-

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Core–Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1485 (9th Cir.1993) (citation omitted).

### A. Purposeful Availment

Physical contacts with the forum state are not necessary to establish minimum contacts. *See Calder v. Jones,* 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The purposeful direction of a foreign act having effect in the forum state is sufficient to satisfy the "purposeful availment" prong of the three-part test:

> *Calder* ... established that [purposeful availment] can be predicated on (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the forum state.

*Core–Vent,* 11 F.3d at 1486.

Because the district court did not hold an evidentiary hearing on personal jurisdiction, Rippey needed only make a prima facie showing of personal jurisdiction. *AT & T Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996). For purposes of determining whether personal jurisdiction exists, uncontroverted allegations in Rippey's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in Rippey's favor. *Id.* at 588. Rippey's complaint, in conjunction with the affidavits that he has submitted, establishes a prima facie case of fraud, thus meeting the requirement of an intentional act.

■ The key question here is whether the alleged acts were "expressly aimed" at Rippey. There was no express aiming in the defendants' circulation of the first opinion letter to Rippey. The defendants

had nothing to do with choosing Rippey as a potential investor in Maccorp. From the complaint and Rippey's affidavits, we conclude that Willoughby and Herbert Smith did not single out Rippey as a target for fraud at that stage. Rippey was merely a prospective investor who had been solicited by Maccorp, and his residence in California was fortuitous.

By the time Maccorp solicited Rippey for an additional investment, however, he was allegedly one of a small circle of existing investors. At that stage, the defendants appear to have become acquainted with Rippey and fully aware of his California residence. The alleged fraud relating to the additional investment, following Rippey's original investment in Maccorp, was expressly aimed at him in California. Rippey was the victim of "individualized targeting," *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1088 (9th Cir.2000), rather than "mere untargeted negligence," *see Calder,* 465 U.S. at 789. Accordingly, plaintiff has established a prima facie case of express aiming, albeit limited to the solicitation of Rippey's second investment.

Rippey has alleged that the fraud caused him harm, since he lost the entire value of his investment in Maccorp. He suffered this harm in his state of residence, California. Rippey's and McClelland's affidavits establish that the defendants were aware of Rippey's residence in California.

Because Rippey has established intentional actions, express aiming, and harm, he has satisfied the *Core–Vent* test for purposeful availment.

### B. Claim Arises out of or Results from Defendant's Forum–Related Activities

We apply a "but for" test to determine whether a claim arises out of or relates to the defendants' forum-related activities.

*Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995). *Accord Myers v. Bennett Law Offices,* 238 F.3d 1068, 1075 (9th Cir.2001). Rippey must show that but for Willoughby's and Herbert Smith's contacts with California, Rippey's claims against the defendants would not have arisen. *See Ballard,* 65 F.3d at 1500. Rippey claims that if the defendants had not sent the allegedly fraudulent opinion letters to him in California, he would not have invested in Maccorp. He has made the required showing.

**C. Reasonableness**

Once the plaintiff has established purposeful availment, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir.1998) (quotation marks and citation omitted).

The following seven factors are relevant in determining the reasonableness of asserting jurisdiction over a nonresident defendant:

(1) The extent of purposeful interjection into the forum state;

(2) The burden on the defendant of defending in the forum;

(3) The extent of conflict with the sovereignty of defendant's state;

(4) The forum state's interest in adjudicating the dispute;

(5) The most efficient judicial resolution of the controversy;

(6) The importance of the forum to plaintiff's interest in convenient and effective relief;

(7) The existence of an alternative forum.

*FDIC v. British–Am. Ins. Co.,* 828 F.2d 1439, 1442 (9th Cir.1987) (citations omitted).

■ The degree of purposeful intervention was not great in this case and the district court correctly concluded that the burden on Willoughby and Herbert Smith of litigating in California would be substantial. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 114, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Neither is a resident of the United States, and neither maintains an ongoing or continuous relationship with California. Herbert Smith does not maintain an office in the United States, and its representation of California clients has been limited to foreign proceedings. Similarly, Willoughby has represented California clients in European and Asian proceedings. Accordingly, litigating this matter in California would impose a significant burden on the defendants. This factor weighs in favor of declining personal jurisdiction over the defendants.

The district court also correctly concluded that Great Britain has a strong interest in adjudicating a dispute involving British parties and concerning events that occurred in Britain. The district court further noted that the potential for conflict with British sovereignty is particularly severe because the adjudication of Rippey's claims will require an analysis of the British litigation between Chequepoint and Maccorp. We find the district court's analysis persuasive, and conclude that the potential for conflict with British sovereignty weighs heavily in favor of the defendants.

California has a strong interest in providing redress for its citizens. *Core–Vent,* 11 F.3d at 1489. As the district court recognized, however, this interest is weaker where individuals " 'seek their fortune away from home,' " *quoting Ellicott Mach. Corp. v. John Holland Party Ltd.,* 995 F.2d 474, 479 (4th Cir.1993). Moreover, the defendants point out that California has no special interest in regulating the conduct of British attorneys. *Cf. Paccar Int'l, Inc. v. Commercial Bank of Kuwait,*

**600**

*S.A.K.*, 757 F.2d 1058, 1065 (9th Cir.1985) ("California has no special interest in regulating banks that are not chartered under California law.") This factor weighs only marginally in favor of the plaintiff.

The district court noted that all of the witnesses except Rippey, Rippey's attorney, and McClelland are in England, and that McClelland lives in Montana. The vast majority of relevant documents are located in England. Furthermore, all of the relevant events took place in England. In the interests of efficiency, this case should proceed in Great Britain. *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302 (9th Cir.1986).

The plaintiff bears the burden of proving the unavailability of an alternative forum. *Core-Vent*, 11 F.3d at 1490. Rippey has not done so. Nor has Rippey shown that the case must proceed in California in order for him to secure full relief. The inconvenience to the plaintiff of litigating in a foreign forum does not carry great weight. *Id.* These final factors weigh in the defendants' favor.

Since the only factor weighing in favor of personal jurisdiction is California's interest in adjudicating this dispute, we conclude, as did the district court, that the exercise of personal jurisdiction over the defendants would be unreasonable. We therefore affirm the district court's dismissal of this action for lack of personal jurisdiction.

AFFIRMED.