**LIFEWAY FOODS, INC., an Illinois Corporation, Plaintiff,**

v.

**FRESH MADE, INC., a Pennsylvania Corporation, Defendant.**

No. 95 C 7577.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 3, 1996.

David Alan Belofsky, David A. Belofsky & Associates, P.C., Chicago, IL, Steven Shamash, Belofsky & Associates, Chicago, IL, for plaintiff.

John Glenn Pfeiffer, Chicago, IL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff Lifeway Foods, Inc., alleges in Count I of its complaint that defendant Fresh Made, Inc., engaged in unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). In Count II, Plaintiff alleges common law trademark infringement by defendant. In Count III, Plaintiff alleges unfair competition by defendant in violation of the Illinois Deceptive Trade Practices Act (815 ILCS 510/2(2)). Plaintiff asserts that this court possesses subject matter jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and (2), defendant filed a motion to dismiss for lack of proper service[1] and lack of personal jurisdiction. Defendant asserts that it has never sold its products in Illinois and has never purposely taken action toward selling its products in Illinois. For the reasons set forth below, the court grants defendant's motion.

### FACTS

Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois. Plaintiff engages in the manufacture, sale, and distribution of kefir, a drinkable fermented culture product similar to yogurt. Plaintiff markets kefir products in forty states.

Defendant is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Defendant also produces and distributes kefir products for retail sale. Defendant's distribution area partially overlaps that of Plaintiff.

Plaintiff sells its fruit-flavored kefir in plastic bottles fashioned to resemble glass milk bottles, with rectangular labels displaying pictures of fruit. Defendant sells its fruit-flavored kefir in a similar container and also uses rectangular labels displaying pictures of fruit. According to defendant's affidavit (undisputed by plaintiff), defendant does not sell its fruit-flavored kefir in Illinois.

Defendant also manufactures and packages a product called "The Slender Cow." The Slender Cow label reveals that the product is a "buttery spread made with kefir." The label is round and displays a picture of a cow. Plaintiff has not alleged that it makes or distributes a similar product. Plaintiff claims to have purchased Slender Cow at three stores in Cook County, Illinois, on August 9, 1996.

### DISCUSSION

Plaintiff must provide sufficient evidence to establish a *prima facie* case of personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987). Plaintiff's allegations are taken to be true unless controverted by defendant's affidavits, and conflicts must be resolved in plaintiff's favor. *Id.; John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987).

To exercise personal jurisdiction over a defendant in a federal question case, a federal court must determine that: (1) bringing the defendant into the court accords with Fifth Amendment due process principles; and (2) the defendant is amenable to process from the court. *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir.1990); *see also Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). In federal question cases, Fifth Amendment due process is satisfied where the defendant has "sufficient contacts with the United States as a whole rather than any particular state or other geographic area." *Martinez De Ortiz*, 910 F.2d at 381; *see also Lisak v. Mercantile Ban-*

---

1. Because the court finds that it lacks personal jurisdiction over defendant, it will not address the claim that service of process was improper.

*corp, Inc.*, 834 F.2d 668, 671–72 (7th Cir. 1987), *cert. denied*, 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988); *Fitzsimmons v. Barton*, 589 F.2d 330, 332–35 (7th Cir.1979). Defendant is a Pennsylvania corporation engaging in business in the United States; its contacts with the United States are sufficient to satisfy due process.

■ To determine that a defendant is amenable to process from the court in a federal question case, the court looks to the applicable federal statute. *Omni Capital*, 484 U.S. at 104, 108 S.Ct. at 409; *Martinez De Ortiz*, 910 F.2d at 381. In *Omni Capital*, the Court explained (484 U.S. at 104, 108 S.Ct. at 409):

> [B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Congress authorizes service of summons in federal question cases in Federal Rule of Civil Procedure 4(k), which provides in pertinent part:

> (1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
>
> (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
>
> .  .  .  .  .
>
> (D) when authorized by a statute of the United States.

■ The Lanham Act does not authorize nationwide service of process; therefore, this court must examine the Illinois long-arm statute to determine if defendant may be served. "Because the federal district court is to look to the state's long-arm statute for authority to exercise personal jurisdiction, the exercise of personal jurisdiction under the state's statute must comport with the due process clause of the Fourteenth Amendment." *L.H. Carbide Corp. v. Piece Maker Co.*, 852 F.Supp. 1425, 1431 (N.D.Ind.1994); *see also* Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 1067.1 (1996 Supp.)

The Illinois long-arm statute provides that a defendant who commits a tortious act within the state is subject to jurisdiction if the cause of action arises from the tortious act. 735 ILCS 5/2–209(a)(2). In addition, a defendant corporation is subject to the jurisdiction of Illinois courts in any cause of action if it is "doing business" in Illinois. 735 ILCS 5/2–209(b)(4). The Illinois statute also contains a catch-all clause whereby Illinois courts may exercise jurisdiction on any basis "permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c).

■ "Infringement of intellectual property rights sounds in tort." *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Limited Partnership*, 807 F.Supp. 470, 472 (N.D.Ill. 1992) (citing *Leo Feist, Inc. v. Young*, 138 F.2d 972, 975 (7th Cir.1943); see also *Acrison, Inc. v. Control and Metering Limited*, 730 F.Supp. 1445, 1448 (N.D.Ill.1990). In tort law, the "key operative factors for determining the locus of the tort and the defendant's amenability to suit at that locus are normally the place where plaintiff sustained its injury and the relationship (or lack of relationship) of the foreign defendant to that place." *Acrison*, 730 F.Supp. at 1448). Damage to intellectual property rights takes place where the owner suffers the damage. *Id.* However, a limitation exists on the general rule that a tort occurs where its harm is felt: an Illinois court does not acquire jurisdiction simply because the "last act" of the tort is an economic loss felt in Illinois when all the conduct contributing to the injury occurred outside of Illinois. *Turnock*, 816 F.2d at 335; *Habitat Wallpaper*, 807 F.Supp. at 473 n. 2. An economic injury, by itself, does not support the conclusion that a tortious act was committed in Illinois. *Turnock*, 816 F.2d at 335; *see also Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787–88 (9th Cir.1977) (to establish personal jurisdiction in an unfair competition and trademark action, plaintiff must show

that the infringing products were sold in the state; injury to good will or reputation, dilution of the value of the trademark, and damages from expected lost profits did not establish personal jurisdiction in the forum state).

■ Defendant does not come within the reach of the tortious act clause of the Illinois long-arm statute because the present cause of action does not arise from a tortious act committed in Illinois. Plaintiff complains of defendant's trade dress on its drinkable, fruit-flavored kefir product. Defendant presented an affidavit stating that it has never sold such products in Illinois and has never sold such products with the knowledge or intent that they would be distributed in Illinois. Plaintiff has presented no evidence that defendant's drinkable, fruit-flavored kefir product was sold in Illinois. Plaintiff presented evidence only that defendant's Slender Cow product was purchased in Illinois, but plaintiff does not complain of the trade dress of the Slender Cow product. Thus, plaintiff has not demonstrated that it suffered damage in Illinois. Although plaintiff has alleged lost sales, that is, damage to its pocketbook, this economic injury does not, in and of itself, support jurisdiction. *See Turnock,* 816 F.2d at 335.

■ Nor can this court exercise personal jurisdiction over defendant under the "doing business" clause of the Illinois long-arm statute. A corporation is doing business in Illinois if it regularly conducts activities in the state and operates with a " 'fair measure of permanence and continuity.' " *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 724 (7th Cir.1994). Plaintiff has not shown that defendant's activities constitute "doing business" in Illinois.

■ To establish jurisdiction under the catch-all clause of the Illinois long-arm statute, jurisdiction must comply with the due process principles of the Fourteenth Amendment and the Illinois constitution. Where a cause of action does not arise out of the corporation's activities in the forum state, "due process is not offended by a state's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), citing *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). When a court exercises jurisdiction over a defendant "in a suit not arising out of or related to the defendant's contacts with the forum," the court is exercising general jurisdiction. *Helicopteros,* 466 U.S. at 415 n. 9, 104 S.Ct. at 1872 n. 9; *Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1245 (1990), *cert. denied,* 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991).

■ General jurisdiction requires evidence of continuous and systematic general business contacts of the corporation in the forum. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873; *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 948 n. 6 (7th Cir.1992); *Wilson,* 916 F.2d at 1245. "Continuous and systematic" is a " 'fairly high standard in practice.' " *Wilson,* 916 F.2d at 1245 (quoting *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986)). In *Perkins,* the Supreme Court found systematic and continuous contacts sufficient to establish general jurisdiction over a foreign corporation where the president of the corporation maintained an office in the forum and conducted business on behalf of the company, kept company files in the forum, held directors' meetings in the forum, and held bank accounts in the forum. 342 U.S. at 447–48, 72 S.Ct. at 419. In *Helicopteros,* the Court found that general jurisdiction was not established where the activities of the corporation included one business trip to the state, purchases of helicopters and equipment from the state, and training received in the state by corporate employees. 466 U.S. at 416–18, 104 S.Ct. at 1873–74.

■ Defendant's contacts with Illinois do not establish general jurisdiction. Defendant does not maintain an office in Illinois and does not carry on general business activities in the state. It does not sell its products directly to Illinois customers. Thus, bringing defendant into this court would not comport with due process.

Plaintiff argues that defendant is subject to jurisdiction in Illinois because defendant enjoys economic benefits from the sale of its products in Illinois. Plaintiff's argument assumes that the cause of action arises out of the defendant's contacts with the state. All the cases upon which plaintiff relies address jurisdiction where the causes of action arose out of the defendant's contacts with the forum. *See, e.g., Dehmlow*, 963 F.2d 941; *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660 (7th Cir.1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

## CONCLUSION

Because plaintiff has not demonstrated that this court may exercise personal jurisdiction under any part of the Illinois long-arm statute, defendant's motion to dismiss is granted.