Romell GIDDENS, Plaintiff,

v.

STEAK AND ALE OF ILLINOIS, INC., Steak and Ale of Illinois, Inc. d/b/a Bennigan's, Michael Hoffer, William Sorenson, Don Holly, Christopher Robertson, and Rob Auw, Defendants.

No. 97 C 3101.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 17, 1998.

Edward Ted Stein, Mary Lou Boelcke, Karen E. Karen Tamburro, Law Offices of Edward T. Stein, Chicago, IL, for Plaintiff.

James A. Burnstein, Joseph E. Turner, William Francis Dugan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Defendants Steak and Ale of Illinois, Inc., Michael Hoffer, Don Holly, Rob Auw.

Steven H. Schwartz, Southfield, MI, for Defendant Christopher Robertson.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Romell Giddens, filed a six count complaint against the defendants, Steak and Ale of Illinois, Inc., Steak and Ale of Illinois, Inc. d/b/a Bennigan's,[1] Michael Hoffer, William Sorenson, Don Holly, Christopher Robertson, and Rob Auw, alleging employment discrimination under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.* Mr. Sorenson and Mr. Robertson move to dismiss the complaint against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, their motions to dismiss are granted.

### Background

Mr. Giddens worked as a manager at a Bennigan's restaurant in Madison Heights, Michigan. While employed there, Mr. Giddens alleges that he was subjected to a racially hostile environment. He says Mr. Robertson, the general manager of that Bennigan's, made numerous racially discriminatory comments to him and other employees. Mr. Giddens alleges that he repeatedly complained to Mr. Sorenson, the Area Director, and Mr. Hoffer, the Regional Vice President, about Mr. Robertson's conduct and the existence of discriminatory practices. Mr. Giddens further alleges that subsequently, Mr. Robertson gave him a written reprimand. Mr. Giddens says he continued to discuss the problems of discrimination with Mr. Sorenson and Mr. Hoffer but no disciplinary action

was ever taken against Mr. Robertson or other managers. According to Mr. Giddens' complaint, Mr. Sorenson and Mr. Hoffer acknowledged that there was a problem but stated that the best way to resolve the problem was to transfer Mr. Giddens to Chicago, Illinois. In Chicago, Mr. Giddens alleges that he experienced similar discrimination by different managers. He then filed this suit against the corporation as well as managers in Illinois and Michigan.

### Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir.1997). To exercise personal jurisdiction over a defendant in a federal question case, a plaintiff must demonstrate that (1) bringing the defendant into federal court accords with Fifth Amendment due process principles, and (2) the defendant is amenable to process. *Lifeway Foods, Inc. v. Fresh Made, Inc.,* 940 F.Supp. 1316, 1318 (N.D.Ill.1996) (citing *United States v. Martinez De Ortiz,* 910 F.2d 376, 381 (7th Cir. 1990) and *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)).

Fifth Amendment due process is satisfied where the defendant "has sufficient contacts with the United States as a whole rather than any particular state or other geographic area." *Martinez De Ortiz,* 910 F.2d at 381. Both Mr. Sorenson and Mr. Robertson reside and work in the United States.

A defendant is amenable to process under Federal Rule of Civil Procedure 4(k) if the federal statute authorizes service of process on him or if he "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. 4(k)(1)(A), (D).[2] Since 42 U.S.C. § 1981 [3] does not authorize

---

**1.** Metromedia Restaurant Services, Inc. claims that it is the proper legal corporate defendant in this matter. It claims that at all times it was Mr. Giddens' employer; not Steak and Ale of Illinois, Inc. Moreover, "Bennigan's" exists only as a trade name and is not a corporate entity.

**2.** The other two sections of Rule 4(k)(1) are not applicable to this case.

**3.** Mr. Giddens does not bring Title VII claims against Mr. Robertson or Mr. Sorenson.

service of summons on Mr. Sorenson or Mr. Robertson, the court must determine whether they are subject to the jurisdiction of the Illinois state court.

■ Under Illinois law, the long-arm statute permits in personam jurisdiction over a party to the extent allowed "by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c). The Illinois due process guarantee is not necessarily coextensive with the federal due process guarantee. *Rollins v. Ellwood*, 141 Ill.2d 244, 565 N.E.2d 1302, 1316, 152 Ill.Dec. 384, 398 (1990).

### A. Federal Due Process

Under the due process clause of the Fourteenth Amendment, the defendants must have "certain minimum contacts with [Illinois] such that the maintenance of [this] suit does not offend 'traditional notions of fair play and substantial justice.'" *RAR*, 107 F.3d at 1277 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The standard a defendant is judged by depends upon whether the state asserts "general" or "specific" jurisdiction. *Id.* General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Mr. Giddens concedes that this court does not have general jurisdiction over Mr. Robertson or Mr. Sorenson and thus, I will only address whether the court has specific jurisdiction over the two defendants.

Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Id.* at 414 n. 8. Mr. Giddens claims that both Mr. Sorenson and Mr. Robertson went to Illinois for management or training meetings and that this case arises out of those meetings.

■ Mr. Sorenson was an Area Director for Steak and Ale. As Area Director, he managed eight restaurants in Michigan, including the one where Mr. Giddens worked. As part of his management duties, he was required to travel to Illinois four to five times a year to attend management meetings.

Presumably, at those meetings, personnel policies and procedures were discussed, and Mr. Sorenson implemented those policies and procedures. Thus, Mr. Giddens' claims of discrimination and retaliation in Michigan could have arisen out of Mr. Sorenson's management meetings in Illinois such that it was reasonable for him to expect to answer for his actions in Illinois.

■ In contrast, Mr. Robertson's training in Illinois was limited to training on the implementation of a new beer menu. Mr. Giddens has not shown any possible nexus between that training and the allegedly discriminatory practices at the Bennigan's restaurant in Michigan. Thus, this court does not have personal jurisdiction over Mr. Robertson.

### B. Illinois Due Process

■ Although jurisdiction over Mr. Sorenson satisfies federal due process, the jurisdictional inquiry is not over. Jurisdiction over Mr. Sorenson must also satisfy Illinois due process.

The Illinois Supreme Court has adopted the fiduciary shield doctrine which prohibits personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer. *Rollins*, 141 Ill.2d 244, 565 N.E.2d at 1316–17, 152 Ill.Dec. at 398–99. The court determined that it would "be unfair and unreasonable, under Illinois' due process clause ... to assert personal jurisdiction over an individual who seeks the protection and benefits of Illinois law, not to serve his personal interests, but to serve those of his employer or principal." *Id.*, 565 N.E.2d at 1318, 152 Ill.Dec. at 400.

Mr. Sorenson is the manager of eight Bennigan's restaurants in the state of Michigan. As manager, he was required by his employer, Steak and Ale, to attend management meetings in Illinois. Attendance was not discretionary. *See Brujis v. Shaw*, 876 F.Supp. 975, 979 (N.D.Ill.1995) (discretionary acts by employee were not protected by the fiduciary shield doctrine). His presence and activity in Illinois were solely on behalf of Steak and Ale. He was not a principal of

Steak and Ale who would have personally benefitted from the Illinois contacts. *See Vandeveld v. Christoph,* 877 F.Supp. 1160, 1164 (N.D.Ill.1995) (finding that defendant who was partner and officer of partnership was not protected by fiduciary shield doctrine). Therefore, Mr. Giddens cannot assert personal jurisdiction over Mr. Sorenson based on his attendance at management meetings in Illinois.[4]

### Conclusion

For the foregoing reasons, Mr. Giddens' claims against Mr. Robertson and Mr. Sorenson are dismissed without prejudice for lack of personal jurisdiction.

---

4. Mr. Giddens also claims that under Federal Rule of Civil Procedure 20, the court has broad discretion to join defendants. The court, however, cannot join defendants over which it has no personal jurisdiction.