**BERTHOLD TYPES LIMITED,**
**Plaintiff,**

v.

**EUROPEAN MIKROGRAF CORP.,**
**Helios Software Gmbh, and Helmut Tschemernjak, Defendants.**

**No. 99–CV–8248.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 10, 2000.

Douglas N. Masters, Hans Ulrich Widmaier, Pattishall, McAuliffe, Newbury, Hillard & Geraldson, Chicago, IL, for Berthold Types Limited, plaintiff.

David A. Nelson, Kenneth G. Schuler, Kathleen Raven Gurrola, Latham & Watkins, Chicago, IL, for European Mikrograf Corporation, defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

Plaintiff Berthold Types Limited filed a five-count complaint against defendants European Mikrograf Corp., Helios Software Gmbh, and Helmut Tschemernjak alleging counterfeiting (Count I), trademark infringement (Count II), false designation of origin and unfair competition (Count III), deceptive trade and business practices (Count IV), and unjust enrichment (Count V). Defendants Helios Software ("Helios") and Helmut Tschemernjak have filed a motion to dismiss plaintiff's complaint as to them for lack of personal jurisdiction. For the following reasons, defendants Helios and Tschemernjak's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff Berthold Types Limited is in the business of marketing typefaces bearing distinctive registered trademarks. Defendant Helios Software is a German corporation with its principal place of business in Garbsen, Germany, which markets font software in competition with plaintiff. Defendant Helmut Tschemernjak is the president of Helios. Plaintiff alleges that Tschemernjak personally directed and controlled the infringing and deceptive activity of Helios and European Mikrograf Corporation ("EMC"). Defendant EMC is the American distributor of Helios, located in California. Helios authorizes EMC to market the font software sold by Helios in the United States. Plaintiff alleges that defendants market and sell font software as part of a software package called PDF Handshake, which includes font software for over 340 typefaces identified by the Berthhold trademarks, without permission or authorization.

As part of its business, Helios runs an interactive English website at *www.helios.com*. The website provides comprehensive product presentations on PDF Handshake's features and applications. The website provides customers with the ability to download and print a document entitled "HELIOS Software Update Service Agreement ." A customer may fill out that agreement and submit it to "[the customer's] national Helios dealer/distributor" and make a payment to the national distributor "one year in advance." Once these steps are taken, the customer can access and download files containing updates of the PDF Handshake and other Helios products directly from the Helios website. However, customers cannot purchase Helios products directly off of the website, and no commercial transactions take place over the website. The website also has interactive features which allow the customer to interact with the Helios host computer. One such feature is a "feedback forum" in which customers are encouraged to submit ideas on how to enhance the software so as to make it more efficient and easy to use. There is also a "support site," which includes a "questions and answers" section and a link to a downloadable addendum to the PDF Handshake manual. The site also contains e-mail addressees to contact Helios. Tschemernjak is identified as the main contact person reachable by e-mail. Finally, the site includes downloadable news briefs on Helios' activities.

## ANALYSIS

Defendants argue in their motion to dismiss that Illinois does not have personal jurisdiction over them. Plaintiff claims that defendants are subject to personal jurisdiction in this case based on the Illinois long-arm statute. 735 ILCS 5/2–209(a). Plaintiff has the burden of demonstrating that personal jurisdiction exists. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir.1997). The allegations in plaintiff's complaint are to be taken as true unless controverted by the defen-

dants' affidavits; any conflicts in the affidavits are to be resolved in plaintiff's favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987).

To exercise personal jurisdiction over a foreign defendant in a federal question case, two elements must be present: (1) the exercise of jurisdiction must accord with due process, and (2) the defendant must be amenable to service of process. *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir.1990). In federal question litigation, the statute upon which the action is based provides the rules for service of process on nonresident defendants. In this instance, the Lanham Act does not authorize national service of process. Therefore, the Illinois long-arm statute must be applied to determine if defendants are amenable to service of process. *See* Fed.R.Civ.P. 4(k)(1)(A). There is proper jurisdiction in Illinois courts when: (1) jurisdiction is authorized under the Illinois long-arm statute, and (2) the minimum contacts required by due process are present. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir.1990). The Illinois long-arm statute allows an Illinois court to exercise personal jurisdiction over nonresidents of Illinois on claims arising from, among other things, the "transaction of any business within [Illinois]," and the "commission of a tortious act within [Illinois]." 735 ILCS 5/2–209(a)(1) & (2). The statute authorizes jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2–209(c). Thus, Illinois law allows the exercise of personal jurisdiction over defendants if doing so comports with the due process provisions of both the federal and Illinois constitutions. *See RAR*, 107 F.3d at 1276.

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *Id.* at 1277. A state may assert general or specific jurisdiction over a defendant.

General jurisdiction is present when the defendant has continuous and systematic contacts with the forum, while specific jurisdiction is present in a suit arising out of or relating to the defendant's contacts with the forum state. *Id.* Plaintiff has not explicitly stated whether it is arguing that this court has general or specific jurisdiction over defendants in this case. Nevertheless, this court will construe plaintiff's argument to be made in favor of a finding of either general or specific jurisdiction.

■ Plaintiff has failed to show that either of the defendants has had "continuous and systematic contacts" with Illinois required for general jurisdiction. Plaintiff argues at length defendants' "purposeful direction of commercial activity" in Illinois through its website. Plaintiff, however, has not argued that defendants have had any other contact with the state of Illinois, with the exception of possible visits to a trade show and the sponsorship of an educational seminar in Chicago. While several courts have found specific jurisdiction based upon a defendant's soliciting business through a website, plaintiff has not cited and this court has not found any case which found general jurisdiction over a defendant premised upon a website which does not provide for direct sales. *See LaSalle Nat'l Bank v. Vitro,* 85 F.Supp.2d 857, 862 (N.D.Ill.2000) ("To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state. The court in not willing to take such a step.") (*quoting IDS Life Ins. Co. v. Sunamerica, Inc.,* 958 F.Supp. 1258, 1268 (N.D.Ill.1997.)).

■ As for specific jurisdiction, the court "must decide whether a defendant has 'purposefully established minimum contacts with the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR,* 107 F.3d at 1277 (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S.

462, 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528, (1985)). Critical to the analysis is a showing that the defendant reasonably anticipated being haled into court in the forum state. *Id.* Specific jurisdiction requires that the lawsuit "arise out of" or "be related to" minimum contacts with the forum state. *Id.* A defendant may have fair warning that it could be required to defend a lawsuit in the state if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State thereby invoking the benefits and protections of the forum's laws." *Klump v. Duffus,* 71 F.3d 1368, 1372 (*quoting Burger King,* 471 U.S. at 477–78, 105 S.Ct. 2174). Finally, even if minimum contacts exist, jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Logan Prods., Inc. v. Optibase, Inc.,* 103 F.3d 49, 52 (7th Cir. 1996).

At issue here is whether defendants Helios and Tschemernjak's contacts with Illinois, which have been primarily over the Internet, are sufficient to support the exercise of personal jurisdiction. Defendants argue that the Internet contacts they have with Illinois are insufficient, and the exercise of personal jurisdiction in Illinois would not comport with fair play and substantial justice. Plaintiff counters that defendants' Internet site caused injury in Illinois and that defendants purposefully direct commercial activity to Illinois, thus making the exercise of personal jurisdiction fair and reasonable.

■ Plaintiff first argues that jurisdiction is proper in Illinois because the injury was felt and thus defendants committed a tort in Illinois. Under the Illinois long-arm statute, torts that are committed in Illinois authorize the exercise of jurisdiction here. 735 ILCS 5/2–209(a)(2). To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm statute. *See North American Philips Corp. v. Ameri-*

*can Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed.Cir.1994). However, plaintiff has not alleged that any infringing products have been sold or even used in Illinois. Thus, plaintiff is arguing that jurisdiction is proper in Illinois because it felt economic harm here. However, a limitation exists on the general rule that a tort occurs where the harm is felt. An Illinois court does not acquire jurisdiction simply because the last act of the tort is an economic loss felt in Illinois. *See Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F.Supp. 1316, 1319 (N.D.Ill.1996) (alleged trademark infringer's contacts with state did not subject it to personal jurisdiction under doing business clause of Illinois long arm statute where plaintiff failed to show that defendant made sales directly to Illinois customers). Rather, intellectual property infringement takes place in the state of the infringing sales, rather than the state of the trademark owner's domicile for purposes of tort provisions of the Illinois long arm-statute. *Id.* at 1319–20. Thus, Illinois does not acquire jurisdiction merely by the fact that plaintiff felt harm here. In order to establish jurisdiction over defendants, plaintiff must show more.[1]

■ Plaintiff next argues that defendants are subject to jurisdiction because they have specifically directed commercial activity in Illinois via the Internet and by attending a trade show and sponsoring a seminar in Chicago. The issue of what type of Internet activity is sufficient to establish personal jurisdiction in a particular forum has yet to be addressed by the Seventh Circuit. However, a jurisprudence of the relationship between Internet activities and personal jurisdiction is emerging. Courts in this district have adopted a "sliding scale" approach that divides Internet activities into three categories: (1) those in which the defendant clearly transacts business in foreign jurisdictions over the Internet; (2) those in which a defendant has posted information on the Internet, but has no further communication with potential customers via the Internet; and (3) those in which the defendant operates an interactive web site that allows defendant and potential customers in foreign jurisdictions to communicate regarding defendant's goods or services. *See Ty Inc. v. Clark*, 2000 WL 51816, No. 99 C 5532, *3 (N.D.Ill. Jan. 14, 2000); *International Star Registry v. Bowman–Haight Ventures, Inc.*, 1999 WL 300285, No. 98 C 6823, *4–5 (N.D. May 6, 1999); *see also Zippo Mfg. Co. v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119, 1123–24 (W.D.Pa.1997) (setting forth "sliding scale" framework). Ultimately, whether a state may exercise personal jurisdiction is determined by "examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Zippo*, 952 F.Supp. at 1124. Thus, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.*

■ Under this framework, courts can appropriately exercise personal jurisdiction over those defendants who fall into the first category by actively conducting business on the Internet. *See, e.g., CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1264–65 (6th Cir.1996) (on-line contracts between defendant and plaintiff sufficient to exercise jurisdiction over defendant); *International Star*, 1999 WL 300285 at *6 (jurisdiction proper where defendant generated revenue through direct commercial transactions with Illinois residents and de-

---

1. Plaintiff argues that *Janmark v. Reidy*, 132 F.3d 1200, 1202 (7th Cir.1997) is controlling of this case. *Janmark* considered the jurisdiction of an Illinois court over a claim for interference with prospective economic advantage. Because the injury was not complete until the customer canceled the order, an event which occurred in Illinois, the court found that Illinois had jurisdiction over the claim. Here, by contrast, in the context of trademark violation, Illinois courts have found that the place of the sale, not the place of the economic harm, determines jurisdiction.

rived profit from web-related activity); *Zippo*, 952 F.Supp. at 1125–26 (defendant contracted with 3,000 individuals, representing two percent of defendant's customer base and seven Internet access providers in forum state). Here, defendants do not transact business directly over the web. No orders are taken and no contracts are entered into over the website. Instead, customers are instructed to fill out an a service agreement and mail it, along with a payment, to the national dealer. Here, that national dealer is EMC in California. This level of business activity is insufficient to confer jurisdiction under the first category. *See Ty Inc.*, 2000 WL 51816 at *4 ("[D]efendants do not clearly do business over their web site, for they do not take orders nor enter into contracts over the web site ... Instead, defendants have consumers print out an order form and either fax, telephone, or send their through traditional mail to the defendants' offices in Great Britain.").

Courts cannot exercise personal jurisdiction over defendants in the second category who simply operate passive web sites that merely provide information or advertisements without more. *See, e.g., ESAB Group, Inc. v. Centricut, L.L.C.*, 34 F.Supp.2d 323, 331 (D.S.C.1999) (no jurisdiction where no evidence showing that any South Carolina resident visited defendant's web page or purchased products based on web site advertisement); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–19 (9th Cir.1997) (Internet advertisement alone is insufficient to subject an advertiser to jurisdiction); *SF Hotel Co. v. Energy Investments*, 985 F.Supp. 1032, 1035–36 (D.Kan.1997) (no jurisdiction where defendant maintained a passive web site providing general information about its hotel). Here, defendants Helios and Tschemernjak do more than simply provide information over the web; customers may also submit information and download font software. This case thus does not fall into the second category of Internet cases, where jurisdiction is prohibited.

Courts may exercise personal jurisdiction over defendants in the third category where a user can exchange information with the host computer. *See, e.g., GTE New Media Services Inc. v. Ameritech Corp.*, 21 F.Supp.2d 27, 38–39 (D.D.C.1998) (asserting jurisdiction where companies provided national "Yellow Pages" directory services over Internet by highly interactive web site). This case falls into the third category "middle ground" of the sliding scale. Customers may submit suggestions for improving services, may link to on-line service manuals, are provided a list of contact persons, and may download updates on Helios' activities. However, this level of interactivity is insufficient to enable the exercise personal jurisdiction over defendants on the basis of their Internet activities. The exercise of jurisdiction is ultimately determined by examining the level of interactivity and the commercial nature of the exchange of information. While the Helios site does provide information on ordering products, Helios makes no commercial response to customers' submissions. At most, Helios uses the information provided by customers to improve its site and services. Moreover, nothing on the website is specifically targeted at Illinois consumers. This level of interaction is not sufficient to confer jurisdiction under the third category. *See, e.g., LaSalle*, 85 F.Supp.2d at 862; *Ty Inc.*, 2000 WL 51816 at *4; *Scherr*, 1998 WL 299678 at *5

Some courts have found minimum contacts through additional activities regardless of whether the activity is related to the underlying claim, considering non-web contacts as well as web pages in determining whether the defendant is subject to jurisdiction in a given state. *See, e.g., Digital Equip. Corp. v. AltaVista Tech. Inc.*, 960 F.Supp. 456, 462 (D.Mass. 1997) (jurisdiction proper over nonresident defendant based on totality of the defendant's contacts with the forum state including contract with a Massachusetts corporation, soliciting Massachusetts business

through its web site, and three sales to Massachusetts residents). Here, the only contacts alleged by plaintiff unrelated to the website are a trip to a trade show in Chicago by representatives of Helios (possibly including Tschemernjak) and an upcoming educational seminar in Chicago to be sponsored by Helios. These contacts are certainly insufficient, even when considered in connection with the website, to be considered "systematic and continuous," making general jurisdiction proper. The contacts are also insufficient to establish specific jurisdiction; plaintiff does not allege that defendants sold any infringing products in Chicago, or that the contacts otherwise caused the harm complained of.

### CONCLUSION

For the reasons stated, defendants Helios Software and Helmut Tschemernjak's motion to dismiss plaintiff's complaint as to them for lack of personal jurisdiction is GRANTED. Defendants Helios Software and Helmut Tschemernjak are dismissed from this litigation. The case between plaintiff and remaining defendant European Mikrograph Corp. is set for report on status at 10:00 a.m. on May 18, 2000.