9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack RYFEUL, Plaintiff-Appellant,
v.
The MIRAGE, et al., Defendants-Appellees.
 No. 93-35586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 22, 1993.
 
 1
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jack Ryfeul appeals pro se the district court's dismissal of his diversity action for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). We have jurisdiction. See 28 U.S.C. § 1291. We review the district court's dismissal de novo, Steel v. United States, 813 F.2d 1545, 1548 (9th Cir.1987), and we affirm.
 
 
 4
 Ryfeul contends that the district court erred in dismissing his action for lack of personal jurisdiction because the Nevada defendants had sufficient contacts with the State of Alaska to justify litigation in that forum.[1] We disagree. Personal jurisdiction over a nonresident defendant is determined by a three prong test: (1) does the nonresident defendant have some connection with the forum state; (2) does the claim arises out of defendant's forum related activities; and (3) is the exercise of jurisdiction reasonable. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir.1977).
 
 
 5
 Here, the facts as alleged by Ryfeul do not support his claim that the district court had personal jurisdiction.[2] Ryfeul alleged that after staying at the Mirage, he began to receive invitations to special promotional events at the Mirage hotel in Nevada. In response to one of these letters, he claims he contracted with the Mirage hotel to provide hotel services in Las Vegas, Nevada. He asserts that he or his agent telephoned the Mirage hotel from Alaska at least twice to confirm the arrangements. A few days after he checked into the hotel, the Mirage allegedly breached this contract. In support of its motion to dismiss, the Mirage defendants introduced affidavits that the Mirage does not do business in Alaska nor does its advertising target Alaska residents.[3] In an affidavit, the Las Vegas Police defendants assert that they do not have any relevant ties to Alaska.[4]
 
 
 6
 Because all the salient events took place in Nevada, and because all the witnesses with the exception of Ryfeul himself, live and work in Nevada, we agree with the district court that it would be unreasonable to force Nevada defendants with such de minimis contacts with Alaska to defend there against claims arising out of an alleged breach of a contract claim for services to be performed exclusively in Nevada.[5]
 
 
 7
 Because Ryfeul failed to establish personal jurisdiction, we affirm.[6] See Data Disc, 577 F.2d at 1287; see also Breeland, 792 F.2d at 926.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ryfeul further contends that personal jurisdiction existed because defendants removed the action from state court to federal court. We disagree. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300 (9th Cir.1986) (defendants may raise the question of personal jurisdiction upon removal to federal court)
 
 
 [2]
 We note that none of Ryfeul's pleadings or motions were under oath or otherwise admissible as evidence to show the district court had personal jurisdiction. Because Ryfeul failed to carry his burden of showing personal jurisdiction, the district court could have properly dismissed this action on these grounds. See Scott v. Breeland, 792 F.2d 925, 926 (9th Cir.1986) (internal quotation and citation omitted) (plaintiff's burden to show personal jurisdiction by affidavit)
 
 
 [3]
 Ryfeul disputes this by stating he knows of other unnamed individuals who receive similar invitations to promotional events in Nevada. Other than these invitations, however, Ryfeul failed to allege that the Mirage had any other presence in Alaska. Without more, we must agree with the district court that an assertion of jurisdiction over the defendants would be unreasonable
 
 
 [4]
 The Las Vegas police are defendants because after Ryfeul refused a request to vacate the hotel, he was arrested by the Las Vegas police for trespassing at the Mirage, and while detained, Ryfeul allegedly was deprived of food and medical attention for several hours
 
 
 [5]
 Because Ryfeul did not request an evidentiary hearing in the district court, we decline to consider his claim regarding this issue on appeal. See Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992)
 
 
 [6]
 Appellees' requests for attorney's fees are transferred to the district court for such consideration as it may deem appropriate. Costs are awarded to appellees on appeal. See Fed.R.App.P. 39. All pending motions in this appeal are denied