NATIVE AMERICAN ARTS, INC., Plaintiff,

v.

SPECIALTY MERCHANDISE CORP. et al., Defendants.

No. CV05–07889 SGL(JTLX).

United States District Court, C.D. California.

Aug. 28, 2006.

Charles C. Wehner, Wehner & Perlman, Santa Monica, California, and Michael P. Mullen and Scott M. Kolosso, Mullen & Foster, Chicago, IL, Counsel for the Plaintiff.

John C. Kirkland, Greenberg Traurig LLP, Santa Monica, California, and Paul D. McGrady, Ira P. Gould and Paul del Aguila, Greenberg Traurig LLP, Chicago, IL, Counsel for the Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

LARSON, District Judge.

This matter is before the Court on defendants' Motion to Dismiss, or, in the alternative, for Summary Judgment, filed on July 3, 2006. The Court has read and considered the moving, opposition, and reply documents filed in connection with the present Motion, and considered the arguments of counsel. Accordingly, the hearing set for August 28, 2006, is removed from the Court's calendar. For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss and **DENIES AS MOOT** the Motion for Summary Judgment. The present action is dismissed without prejudice.

### I. Background

Plaintiff "is a wholly Indian owned arts and crafts organization involved in the distribution of authentic Indian arts and crafts ...." Compl. ¶ 3. It alleges that defendants violated The Indian Arts and Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively, the "IACA"), 25 U.S.C. §§ 305 et seq. The IACA prohibits the sale (or the offering for sale) of a good "in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization." 25 U.S.C. § 305e. Plaintiff alleges that defendants' actions in selling or offering for sale items such as pottery, sculptures, wind chimes,

dolls, figurines, jewelry and other decorative items violate the IACA.

## II. Standing

■ Defendants move to dismiss, arguing that plaintiff lacks Article III standing to bring the present action. Standing is a threshold requirement in every federal case. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the controversy as to warrant his invocation of federal court jurisdiction. *Id.* Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). It is an integral component of subject matter jurisdiction. *Bender v. Williamsport Area School District,* 475 U.S. 534, 541–43, 106 S.Ct. 1326, 89 L.Ed.2d 501, (1986). The Supreme Court has established that the "irreducible constitutional minimum" of standing contains three elements: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) likelihood that the injury will be redressed by a favorable decision. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

As the proponent of federal jurisdiction, plaintiff bears the burden of establishing standing. *Los Angeles County Bar Ass'n v. Eu,* 979 F.2d 697, 701 (9th Cir.1992).

Here, plaintiff has failed to allege an injury in fact. Plaintiff argues in the opposition that it has suffered the following injuries as a result of defendants' allegedly unlawful activities: (1) Plaintiff has lost sales, (2) defendants' imitation products have driven prices down, forcing plaintiff to offer its authentic products at lower prices, and (3) that plaintiff has suffered a loss of goodwill and reputation because of the "counterfeit" products. *See* Opposition at 8:7–18. Such injuries could be sufficient to meet the injury-in-fact requirement, if they were properly alleged in the Complaint in compliance with Fed.R.Civ.P. 11(b)(3) (*see infra*). They are not. Instead of making these factual allegations, plaintiff makes conclusory allegations that refer to "competitive injury," "advertising injury," and "other damages." These conclusory allegations do not establish the injury-in-fact requirement of standing. Moreover, in the absence of factual allegations establishing the injury-in-fact requirement, the Court is unable to assess the traceability and redressability requirements.

Accordingly, the Court grants the Motion to Dismiss as plaintiff has failed to establish standing.

■ At oral argument, plaintiff's counsel requested leave to amend the Complaint. However, under the Court's questioning, counsel admitted that plaintiff had conducted no investigation from which it could reasonably conclude at this time that it has been injured by defendants' conduct. In fact, he admitted that he had spoken to no person who could document any actual injury. As counsel should well know, such an investigation is required before the filing of a complaint in federal court. Rule 11 of the Federal Rules of Civil Procedure require that all pleadings be signed by a party or attorney of record. Fed.R.Civ.P. 11(a). It also requires that factual allegations have evidentiary support:

> By presenting to the court ... a pleading, ... an attorney ... is certifying that to the best of the person's knowl-

edge, information, and belief, formed after an inquiry reasonable under the circumstances,—

.  .  .  .  .

■■■ (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3). Counsel's position is not that such an investigation has not yet been conducted; rather, it is that such an investigation is not necessary because injury could be established by expert testimony. The proponent of federal court jurisdiction has the burden of proving the existence of subject-matter jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). When a defendant challenges the court's subject-matter jurisdiction over a plaintiff's claim, a plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Association of American Medical Colleges v. United States*, 217 F.3d 770, 778 (9th Cir.2000). This burden is not satisfied by counsel's vague reference to what expert testimony might, at some unspecified time in the future, reveal. Therefore, it is evident to the Court that an attempt by plaintiff to amend the Complaint to establish standing at this time would be futile, and therefore, the Court does not grant leave to amend the Complaint.

■■■ Given the remedies provision of the IACA, which allows a prevailing plaintiff to recover the greater of (1) treble damages or (2) statutory damages of at least $1,000 per day each day a defendant engages in unlawful conduct, *see* 25 U.S.C. § 305e(a)(2)(A)-(B), the Court believes a note of caution regarding the standing requirement is in order. As noted, the remedies provision of the IACA does not necessarily require a plaintiff to prove actual damages in order to be awarded a monetary judgment. The available statutory damages are not tied to plaintiff's actual damages; rather, in fact, they serve as a *substitute* for proof of actual damages. Even the treble damages provision does not necessarily require proof of actual damages, as the statute defines "treble damages" to include gross profits accrued by a defendant (and therefore not necessarily profits lost by a plaintiff) as a result of its unlawful activities. *Id.* Therefore, it could be tempting, as a plaintiff, to believe that one need not be prepared to prove any actual damages in order to recover under the IACA. Here, plaintiff should not be led astray by this temptation. Although plaintiff may not ever be called upon *under the IACA* to prove any actual damages in this action, Article III of the United States Constitution requires proof of such damages in order to have access to the federal courts to establish and collect upon such a claim. Plaintiff must bear in mind that it shoulders the burden of proof on this issue, and this Court is required to jealously guard its own jurisdictional boundaries. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.").

### III. Motion for Summary Judgment

In light of the Court's dismissal of the action for lack of standing, the pending Motion for Summary Judgment is moot, and it is denied for that reason.

### IV. Conclusion

As set forth herein, the Court **GRANTS** the Motion to Dismiss and **DENIES AS MOOT** the alternative Motion for Sum-

mary Judgment. Plaintiff's request for leave to amend the Complaint is denied. The action is dismissed without prejudice.

IT IS SO ORDERED.