**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CARSON HAINES, and crab fishermen affected in the crew lists of the Alaska Crab Coaliation, and any other interested parties,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>SELENDANG AYU M/V, her tackle, appurtenances, cargo, in rem; et al.,<br><br>    Defendants - Appellees. | No. 09-36074<br><br>D.C. No. 2:07-cv-01963-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted November 1, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

On December 8, 2004, the *M/V Selendang Ayu* ran aground on one of the

Aleutian Islands of Alaska, spilling its bunker fuel and its cargo of soybeans into

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Bering Sea.  Almost three years later, plaintiff David Haines sued the owner

and the operator of the vessel in Washington, alleging he was damaged when the

resulting oil spill created a market panic and caused the price of crab to decline.

The district court dismissed for lack of personal jurisdiction and we affirm.

Haines argues there is (1) general jurisdiction; (2) specific jurisdiction; and

(3) nationwide jurisdiction over the defendants in Washington.  We disagree.  First,

there is no general jurisdiction in Washington because defendants' contacts with

Washington have not been substantial or continuous and systematic.  *See Bancroft*

*& Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Second, there is no specific jurisdiction in Washington because Haines's claims did

not arise from and are unrelated to the defendants' Washington activities.[1]  *See*

*Scott v. Breeland*, 792 F.2d 925, 928–29 (9th Cir. 1986).  Third, defendants are not

subject to nationwide jurisdiction under Fed. R. Civ. P. 4(k)(2) because they

concede jurisdiction is proper in Alaska.  *See Holland Am. Line Inc. v. Wartsila N.*

*Am. Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

**AFFIRMED.**

---

[1]Haines argues for the first time on appeal that his claims result from defendants' activities in Washington because the defendants failed to properly inspect the vessel's engine prior to the vessel's departing Seattle.  Because this argument was not presented to the district court, it has been waived.  *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008).

2